## Commonwealth v. Roskos

*Miles K. Karson,* assistant district attorney, for the Commonwealth.

*Herman M. Rodgers,* for defendant.

STRANAHAN, *P.J.,* October 22, 1982 — Defendant was convicted of driving under the influence of alcohol in a jury trial.

He has now made a motion for a new trial and has raised a narrow issue as the reason for his request.

Prior to the trial a memorandum from Ann Zagger, Office Administrator of the district attorney of Mercer County, to all members of the District Attorney's staff became known to defense counsel. In this memorandum the Office Administrator indicated that she had contacted a member of Smith and Wesson Manufacturing Company concerning the model 1000 breathalyzer. She was advised that testing of the breathalyzer indicated that if there was any radio transmission going on during the breathalyzer testing such transmission could effect the outcome of the breathalyzer test.

At the time of trial the defense counsel endeavored to offer this memorandum in evidence since defendant, Roskos, had taken a breathalyzer test administered with the Smith and Wesson model 1000 breathalyzer.

The trial judge refused to admit the memorandum into evidence on the basis that it was hearsay.

The court further ruled, however, that defense counsel could, on cross examination, ask the breathalyzer operator if he was aware of the

unreliability of the machine and ask him if he was aware of the fact that Smith and Wesson indicated that the machine might be affected by radio transmission.

The information contained in the memorandum was available to defense counsel prior to the jury being sworn and defense counsel did not request a continuance of the case in order to investigate the information contained in the memorandum nor did he request the opportunity to recess the case in order to contact a representative of Smith and Wesson. Instead, defense counsel chose to try to use the memorandum.

It is our opinion that the court was correct in its ruling that the memorandum was hearsay. As a matter of fact, the memorandum actually was double hearsay in that it was a recounting by the district attorney's office administrator of a conversation she had with a representative of the Smith and Wesson Company.

We realize that this information might well be beneficial to defendant and harmful to the Commonwealth in the trial of the case. Be that as it may, that does not permit the use of hearsay evidence at a trial. We know of no exceptions that would permit either the introduction of the memorandum into evidence or the calling of the district attorney's office administrator to testify as to what had been told to her by a representative of Smith and Wesson Company.

The remedies available to defense counsel would be to either ask for a continuance prior to the swearing of the jury or to ask the court for a recess in an effort to get a representative of Smith and Wesson to appear at trial. Neither of these things occurred and, therefore, we see no reason why the court should now grant defendant a new trial.

## ORDER

And now, October 22, 1982, defendant's motion for new trial and motion in arrest of judgment are refused.